IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

    **Plaintiff,**

    v.                                                  CASE NO. 22-3111-SAC

DEREK SCHMIDT, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Bobby Bruce White is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 9.)

Petitioner was retried and convicted of first-degree premeditated murder in 2005. *State v. White*, 284 Kan. 333, 336–37, 161 P.3d 208, 212–13 (2007). In affirming the conviction, the Kansas Supreme Court set forth the following underlying facts:

> In late 1998 or early 1999, White and his wife became guardians of their grandson, B.A.W., who was born in May 1996. In 2001, White accepted a job in Great Bend, Kansas. Although the Whites wanted B.A.W. to accompany them, his mother (Mother), who was now married to Aaron Ruboyianes, wanted him to stay in Augusta with her. Consequently, she moved to terminate her parents' guardianship in the district court.
>
> The Whites visited Mother and Aaron's home in February 2002. Mother was gone at the time. Upon returning, she found Aaron

1

> upset and scared. According to a letter written by Aaron about the encounter, White told him: " 'You guys started this, and I'm gonna finish it once and for all,' " and " 'You guys don't know quite what you're getting into.' "
>
> On March 25, 2002, the court terminated the Whites' guardianship and reinstated Mother's custody. The next day White left his home in Great Bend for work. He instead drove 2 hours to Augusta, withdrawing $500 in cash on the way. He later returned home to attend a dentist appointment.
>
> The next day, March 27, White again made the 2–hour drive to Augusta. He entered Wal–Mart, Aaron's place of employment, and without warning, shot the unarmed Aaron three times, killing him. He was apprehended in the store parking lot.

*Id*. "Since his conviction, White has unsuccessfully filed several K.S.A. 60-1507 motions as well as a federal habeas petition pursuant to 28 U.S.C. § 2254 . . ." *White v. Kansas*, No. 123,792, at 2 (Kan. Ct. App. April 15, 2022) (citing *White v. State*, No. 116,684, 2017 WL 4848559 (Kan. App. 2017) (unpublished opinion)); *see also White v. Roberts*, 605 F. App'x 731 (10th Cir. April 1, 2015) (unpublished) (denying certificate of appealability where district court concluded that the § 2254 petition was time-barred and not subject to equitable tolling).

Plaintiff filed the instant civil rights case on June 6, 2022. Plaintiff alleges in Count I of his Complaint that K.S.A. 60-1507 is unconstitutional, arguing that he was denied an evidentiary hearing and that no findings of fact or conclusions of law were ever made in his state habeas proceeding. (Doc. 7, at 8–9.) Plaintiff alleges that findings and conclusions were necessary for him to show manifest injustice. In Count II, Plaintiff claims he has been denied effective assistance of counsel, resulting in malpractice and manifest injustice. Plaintiff then sets forth actions taken by various attorneys representing him in either his state criminal case, the guardianship proceedings that occurred prior to his criminal proceedings, his appeals, or his state

post-conviction proceedings. *Id*. at 3–6, 8, 11. Count III purports to set forth a wrongful death claim based on the death of Plaintiff's grandson.

Plaintiff names as Defendants: Derek Schmidt, Kansas Attorney General; David C. All, Private Attorney; Kerwin L. Spencer, Private Attorney; David T. Hudgens, Augusta Police Officer; Jama Mitchell, Sedgwick County Public Defender; Michael P. Whalen, Private (Appeal) Attorney; Michael C. Brown, Private (Appeal) Attorney; Sam Brownback, Former Governor; R. Scott McQuinn, Sumner County Judge; Michael Ward, Butler County Judge; the State of Kansas; the Kansas Bar Association; the City of Augusta, Kansas; and the Augusta Police Department. Plaintiff seeks monetary damages for the wrongful death of Blaine Austin White; declaratory and injunctive relief ruling that K.S.A. 60-1507 is unconstitutional; a declaratory judgment that Plaintiff's issues arise to the level of manifest injustice and with ineffective assistance of counsel; and a $1.00 award to Plaintiff plus costs and attorney's fees.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Statute of Limitations

Plaintiff alleges that he is bringing this action under 42 U.S.C. §§ 1983, 1985, and 1986.  His claims are based on incidents occurring during his 2005 criminal trial and the guardianship proceedings occurring prior to his criminal trial.  These claims are barred by the applicable statute of limitations.

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).  The same two-year statute of limitations governs actions under 42 U.S.C. § 1985.  *See Alexander v. Oklahoma*, 382 F.3d

1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on June 6, 2022. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

Plaintiff claims that there "is no statute of limitation for child abuse and kidnapping of a child." (Doc. 7, at 2.) However, this is not a criminal case. Plaintiff filed this action as a civil rights case and the statute of limitations set forth above applies. Plaintiff has not alleged facts

6

suggesting that he would be entitled to statutory or equitable tolling. Plaintiff should show good cause why his claims are not barred by the applicable statute of limitations.

### 2. Claims Regarding K.S.A. 60-1507

Plaintiff argues that K.S.A. 60-1507 is unconstitutional because he was denied an evidentiary hearing and the state court failed to make findings of fact or conclusions of law. Similar claims have been asserted in Kansas state courts. In *Manco v. State*, the state petitioner argued that it is wrong that he is required to establish manifest injustice exists in order to obtain a hearing on the merits of his 60-1507 motion after the 1-year deadline. *Manco v. State*, 51 Kan. App. 2d 733, 354 P.3d 551, 556 (2015) (finding that K.S.A. 60-1507's provision regarding second or successive motions is constitutional and is a procedural limitation with exceptions; and provision regarding deadline for filing is constitutional). The Kansas Court of Appeals found that the provisions of K.S.A. 60-1507 reflect the right to file for habeas corpus relief if the movant qualifies, but that right is not unlimited. *Id*. at 557 (stating that "the legislature provided movants with the right to file, but it placed reasonable limits on that right to avoid the abuse of remedy").

However, the claim is not properly raised before this Court. Tenth Circuit precedents are clear: "challenges involving state post-conviction proceedings are not cognizable in a federal habeas action because challenges of this type do not involve a constitutional violation in the underlying conviction." *Alford v. Cline*, 2017 WL 3327585, at *3 (D. Kan. Jan. 24, 2017) (quoting *Wallen v. Miller*, 661 F. App'x 526, 534–35, 2016 WL 4742205 (10th Cir. 2016) (citing *Hopkinson v. Shillinger*, 866 F.2d 1185, 1219 (10th Cir. 1989) ("The presence of a procedural deficiency in a state's scheme for postconviction relief . . . does no violence to federal constitutional rights."), *overruled on other grounds as stated in Phillips v. Ferguson*, 182

F.3d 769, 772–73 (10th Cir. 1999)); *see also Overton v. Heimgartner*, Civil Action No. 15-3266-KHV, 2017 WL 4012207, at *9 (D. Kan. Sept. 12, 2017) (finding no remedy through federal habeas where petitioner's contention that district court violated his due process rights by denying him an evidentiary hearing in post-conviction proceedings rests on deficiencies in state habeas procedures and "federal courts do not remedy errors in state post-conviction appeals"). Plaintiff's claim is subject to dismissal.

### 3. State Law Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Plaintiff's claims suggesting legal malpractice and wrongful death are state law claims. *See Wallin v. Arapahoe Cnty. Det. Facility*, 244 F. App'x 214, 218–19 (10th Cir. 2007) (unpublished) ("[A] legal malpractice claim is a state-law tort claim, not a § 1983 claim.") (citing *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S. Ct. 445, 70 L.Ed.2d 509 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Plaintiff has not suggested that he is a proper party to bring a wrongful death action based on his grandson's death. *See Estate of Smart v. Wichita*, 472 F. Supp. 3d 918, 925 (D. Kan. 2020 ("Although it's true that only the estate of a deceased victim may bring a § 1983 claim alleging death as a result of a constitutional violation, it's not uncommon for heirs of the deceased (especially when they are also the administrators of the estate) to assert state wrongful-death claims on their own behalf in the same case.") (citations omitted).

"[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff's federal constitutional claims are subject to dismissal. *See* 28 U.S.C. § 1367(c)(3).

**4. Improper Defendants**

Plaintiff has named improper defendants that either: enjoy Eleventh Amendment immunity; enjoy judicial immunity; are private or defense attorneys that are not "state actors" within the meaning of § 1983; or are not "persons" within the meaning of § 1983. *See Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (finding that the Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). "'[P]olice departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)).

Plaintiff's claims against the state court judges should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because

the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts whatsoever to suggest that the defendant judges acted outside of their judicial capacity.

Plaintiff has not shown that his state court defense attorneys were acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)). A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983). Plaintiff's claims against his defense attorneys are subject to dismissal for failure to state a claim.

### 5. Claims under § 1985 and § 1986

Plaintiff also claims that he is bringing this action under § 1985(2) and (3), and § 1986. Causes of action under both sections (2) and (3) of § 1985 require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015) (citations omitted). Plaintiff's conspiracy allegations under § 1985 fail because Plaintiff has not shown discriminatory animus against him based on his membership in a protected class. *See Garcia v. Yniquez*, 2022 WL

2734636, at *2 (10th Cir. July 14, 2022) (unpublished).  Section 1985(3) requires "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *JLPR, LLC v. Utah Dep't of Ag. and Food*, 2022 WL 2230280, at n.15 (D. Utah May 16, 2022) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (a § 1985 claim lacking an allegation of "class-based or racial discriminatory animus" must fail)); *see also Chubb v. Brownback*, 2016 WL 5410615, at *7 (D. Kan. Sept. 28, 2016) ("To assert a plausible claim under § 1985(3), plaintiff must allege a conspiracy based on racial animus.") (citing *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015)).  Plaintiff makes no such allegations, and therefore § 1985 does not provide the Court with a basis for jurisdiction.  Furthermore, any claims under § 1985 would be barred by the statute of limitations as set forth above.

Likewise, § 1986 provides for liability for damages if a person has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do . . .." 42 U.S.C. § 1986.  Thus, "the § 1986 claim is dependent upon the existence of a valid claim under § 1985." *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985) (citations omitted); *see also Cline v. Utah*, 2020 WL 2476168, at *2 (D. Utah May 13, 2020) ("Without a valid claim under § 1985, Plaintiffs' § 1986 claim similarly fails."); *Chubb v. Brownback*, 2016 WL 5410615, at *7 (D. Kan. Sept. 28, 2016) (because plaintiff failed to allege a plausible claim for relief under § 1985(3) "his claims under § 1986 also fail").  As stated above, Plaintiff's claims under § 1985 fail and therefore his § 1986 claim also fails.

**IV.  Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for

the reasons stated herein. The failure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 25, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated July 28, 2022, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**