IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BOBBY BRUCE WHITE,**

    **Plaintiff,**

    v.                                      CASE NO. 22-3111-SAC

**DEREK SCHMIDT, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 9.) On July 28, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 10) ("MOSC") granting Plaintiff until August 25, 2022, in which to show good cause why his Complaint should not be dismissed. This matter is before the Court on Plaintiff's Motion to Accept 22 Pages (Doc. 13) and Motion for Appointment of an Attorney (Doc. 14).

Plaintiff indicates that he was unaware of whether or not there was a page limit for his response to the Court's MOSC, so he seeks permission to file his 22-page response. The Court will grant Plaintiff's motion and will accept the attachment to Doc. 13 as Plaintiff's response to the Court's MOSC.

Plaintiff also seeks the appointment of counsel, arguing that he is incarcerated and unable to afford counsel and that he has no legal training. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the

1

discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Accept 22 Pages (Doc. 13) is **granted.**  The Court will consider the attachment at Doc. 13–2 as Plaintiff's response to the Court's MOSC at Doc. 10.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of an Attorney (Doc. 14) is **denied without prejudice.**

**IT IS SO ORDERED**.

Dated August 23, 2022, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
SAM A. CROW
U. S. Senior District Judge