IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BOBBY BRUCE WHITE,**

    **Plaintiff,**

    v.                                      CASE NO. 22-3111-SAC

**DEREK SCHMIDT, et al.,**

    **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 9.) On July 28, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 10) ("MOSC") granting Plaintiff until August 25, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 16.)

The underlying facts are set forth in detail in the MOSC. In summary, Plaintiff claims in Count I of his Complaint that K.S.A. 60-1507 is unconstitutional, arguing that he was denied an evidentiary hearing and that no findings of fact or conclusions of law were ever made in his state habeas proceeding. (Doc. 7, at 8–9.) Plaintiff alleges that findings and conclusions were necessary for him to show manifest injustice. In Count II, Plaintiff claims he has been denied effective assistance of counsel, resulting in malpractice and manifest injustice. Plaintiff then sets forth actions taken by various attorneys representing him in either his state criminal case, the guardianship proceedings that occurred prior to his criminal proceedings, his appeals, or his state post-conviction proceedings. *Id.* at 3–6, 8, 11. Count III purports to set forth a wrongful death

claim based on the death of Plaintiff's grandson.  Plaintiff seeks monetary damages for the wrongful death of his grandson; declaratory and injunctive relief ruling that K.S.A. 60-1507 is unconstitutional; a declaratory judgment that Plaintiff's issues rise to the level of manifest injustice and with ineffective assistance of counsel; and a $1.00 award to Plaintiff plus costs and attorney's fees.

The Court found in the MOSC that his alleged claims under 42 U.S.C. §§ 1983, 1985, and 1986, are based on incidents occurring during his 2005 criminal trial and the guardianship proceedings that occurred prior to his criminal trial.  These claims are barred by the applicable statute of limitations.  Although Plaintiff claims that there "is no statute of limitation for child abuse and kidnapping of a child," the Court noted that this is not a criminal case.  Plaintiff filed this action as a civil rights case and the statute of limitations set forth in the MOSC applies.  The Court directed Plaintiff to show good cause why his claims are not barred by the applicable statute of limitations.

Plaintiff argues that K.S.A. 60-1507 is unconstitutional because he was denied an evidentiary hearing and the state court failed to make findings of fact or conclusions of law.  The Court found that the Kansas state courts have rejected similar claims, and the claim is not properly raised before this Court.  Tenth Circuit precedents are clear: "challenges involving state post-conviction proceedings are not cognizable in a federal habeas action because challenges of this type do not involve a constitutional violation in the underlying conviction." *Alford v. Cline*, 2017 WL 3327585, at *3 (D. Kan. Jan. 24, 2017) (quoting *Wallen v. Miller*, 661 F. App'x 526, 534–35, 2016 WL 4742205 (10th Cir. 2016) (citing *Hopkinson v. Shillinger*, 866 F.2d 1185, 1219 (10th Cir. 1989) ("The presence of a procedural deficiency in a state's scheme for postconviction relief . . . does no violence to federal constitutional rights."), *overruled on other*

*grounds as stated in Phillips v. Ferguson*, 182 F.3d 769, 772–73 (10th Cir. 1999)); *see also Overton v. Heimgartner*, Civil Action No. 15-3266-KHV, 2017 WL 4012207, at *9 (D. Kan. Sept. 12, 2017) (finding no remedy through federal habeas where petitioner's contention that district court violated his due process rights by denying him an evidentiary hearing in post-conviction proceedings rests on deficiencies in state habeas procedures and "federal courts do not remedy errors in state post-conviction appeals"). The Court found that Plaintiff's claim is subject to dismissal.

The Court also found that Plaintiff's claims suggesting legal malpractice and wrongful death are state law claims and Plaintiff has not suggested that he is a proper party to bring a wrongful death action based on his grandson's death. The Court held that it is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff's federal constitutional claims are subject to dismissal. *See* 28 U.S.C. § 1367(c)(3).

The Court found that Plaintiff has named improper defendants that either: enjoy Eleventh Amendment immunity; enjoy judicial immunity; are private or defense attorneys that are not "state actors" within the meaning of § 1983; or are not "persons" within the meaning of § 1983.

Plaintiff also claims that he is bringing this action under § 1985(2) and (3), and § 1986. Causes of action under both sections (2) and (3) of § 1985 require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015) (citations omitted). Plaintiff's conspiracy allegations under § 1985 fail because Plaintiff has not shown discriminatory animus against him based on his membership in a protected class. *See Garcia v. Yniquez*, 2022 WL 2734636, at *2 (10th Cir. July 14, 2022) (unpublished). Section 1985(3) requires "racial, or

perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *JLPR, LLC v. Utah Dep't of Ag. and Food*, 2022 WL 2230280, at n.15 (D. Utah May 16, 2022) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (a § 1985 claim lacking an allegation of "class-based or racial discriminatory animus" must fail)); *see also Chubb v. Brownback*, 2016 WL 5410615, at *7 (D. Kan. Sept. 28, 2016) ("To assert a plausible claim under § 1985(3), plaintiff must allege a conspiracy based on racial animus.") (citing *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015)). Plaintiff makes no such allegations, and therefore § 1985 does not provide the Court with a basis for jurisdiction. Furthermore, any claims under § 1985 would be barred by the statute of limitations as set forth above.

Likewise, § 1986 provides for liability for damages if a person has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do . . . ." 42 U.S.C. § 1986. Thus, "the § 1986 claim is dependent upon the existence of a valid claim under § 1985." *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985) (citations omitted); *see also Cline v. Utah*, 2020 WL 2476168, at *2 (D. Utah May 13, 2020) ("Without a valid claim under § 1985, Plaintiffs' § 1986 claim similarly fails."); *Chubb v. Brownback*, 2016 WL 5410615, at *7 (D. Kan. Sept. 28, 2016) (because plaintiff failed to allege a plausible claim for relief under § 1985(3) "his claims under § 1986 also fail"). As stated above, Plaintiff's claims under § 1985 fail and therefore his § 1986 claim also fails.

Plaintiff's response fails to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. Plaintiff continues to make claims regarding his state criminal proceedings and the guardianship proceedings that occurred prior to his 2005 criminal

4

proceedings. He also continues to argue that his state habeas proceedings were improper. While Plaintiff continues to argue these claims, he has failed to show good cause why they should not be dismissed for the reasons set forth in the MOSC.

Regarding his claims under § 1985 and § 1986, Plaintiff argues that he is in a protected class as "a senior citizen, 'Grandparent as Caregiver', elder American." (Doc. 16, at 2.) Plaintiff then argues that his grandson was a member of a protected class because he was a minor under the care of a guardian. *Id*. However, Plaintiff is bringing this action and he has failed to point to any authority suggesting he is a member of a protected class for purposes of § 1985. *See Gordon v. Greene*, Civil Action No. 21-67-JWD-EWD, 2022 WL 956329, at n.85 (M.D. La. March 12, 2022) ("Plaintiff has not pointed to, nor has the Court's own research located, any authority suggesting that grandparents are a protected class for purposes of § 1985."), *adopted by* 2022 WL 949868 (M.D. La. March 29, 2022); *Rogers v. Morrice*, Civil No. 12-7910 (JBS/KMW), 2013 WL 1750004, at n.5 (D. N.J. April 23, 2013) (elderly who cannot afford housing are not a protected class for purposes of § 1985); *Conrad v. Perales*, 818 F. Supp. 559, 563–64 (W.D.N.Y. 1993) (holding that plaintiff class consisting of poor, mainly elderly, nursing home patients, did not fall within the protected class status necessary for a § 1985(3) claim). Furthermore, Plaintiff has failed to show why any claim under § 1985 would not be barred by the statute of limitations.

Plaintiff has failed to show good cause why his claims should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to show good cause why his claims should not be dismissed for failure to state a claim.[1]

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

---

[1] In light of the Court's ruling, any request to amend his Complaint is denied. *See* Doc. 16, at 21–22.

**IT IS SO ORDERED**.

**Dated September 1, 2022, in Topeka, Kansas.**

                                            **s/ Sam A. Crow**
                                            **SAM A. CROW**
                                            **U. S. Senior District Judge**